**ASSOCIATED GLASS, LTD., and Lundberg Masonry, Inc., Appellants,**

v.

**EYE TEN OAKS INVESTMENTS, LTD., and S.E. Daniels Construction, L.C., Appellees.**

**In re Associated Glass, Ltd.**

No. 04–04–00096–CV, 04–04–00313–cv.

Court of Appeals of Texas, San Antonio.

Aug. 18, 2004.

Mark A. Giltner, K. Blake Coffee, Kerry R. McEniry, Shelton & Valadez, P.C., San

Antonio, Christian J. Von Wupperfeld, Fletcher & Springer, L.L.P., Austin, Kenneth J. Lambert, William W. Krueger, III, Fletcher & Springer, L.L.P., Dallas, for appellants.

Les J. Strieber, III, David S. Denton, Jason R. Cliffe, Ricardo G. Cedillo, Davis, Cedillo & Mendoza, Inc., Alex Huddleston, Holland & Knight, L.L.P., Gerald R. Zwernemann, Thorton, Summers, Biechlin, Dunham & Brown, L.C., Melvin A. Krenek, Chris Heinemeyer, P.C., David P. Benjamin, Edward J. Batis, Jr., O'Connell & Benjamin, L.L.P., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice CATHERINE STONE, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

In these consolidated proceedings, appellant/relator Associated Glass, Ltd., and appellant Lundberg Masonry, Inc., complain of the trial court's denial of their motions to compel arbitration. We dismiss Associated Glass's interlocutory appeal for lack of jurisdiction and conditionally grant Associated Glass's petition for writ of mandamus. We reverse and remand the trial court's order as it applies to Lundberg.

### BACKGROUND

The underlying suit relates to a construction dispute between the parties. Eye Ten Oaks Investments, Ltd., sued S.E. Daniels, the general contractor, for damages arising out of construction and design defects. S.E. Daniels responded by filing a third-party petition, seeking contribution damages from various subcontractors, including Associated Glass, Ltd., and Lundberg Masonry, Inc. Eye Ten then filed suit directly against Associated Glass and Lundberg.

Arguing that an arbitration provision in the subcontract between S.E. Daniels and Associated Glass compels arbitration of the claims between Associated Glass and Eye Ten, Associated Glass filed a motion to compel arbitration. Similarly, arguing that an arbitration provision in the subcontract between Lundberg and Associated Glass compels arbitration of the claims between Lundberg and Eye Ten, Lundberg filed a motion to compel arbitration. The trial court denied both motions.

Associated Glass and Lundberg have appealed that denial, claiming that the arbitration provision is enforceable under the Texas Arbitration Act. Alternatively, Associated Glass has filed a petition for a writ of mandamus, claiming that the arbitration provision is enforceable under the Federal Arbitration Act.

■ A trial court's order denying arbitration under the Texas Arbitration Act is reviewable by interlocutory appeal. Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a) (Vernon Supp.2004). The denial of a motion to compel arbitration under the Federal Arbitration Act, however, must be challenged by a petition for a writ of mandamus. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996) ("When a trial court erroneously denies a party the right to arbitration under the FAA, it has no adequate remedy at law."). Here, the arbitration clause does not specifically invoke

either the federal or state act, and the trial court's order does not indicate which act applies. Associated Glass has followed the requirement of filing both an interlocutory appeal and a petition for writ of mandamus. Accordingly, to determine the proper procedural disposition of the case, we must consider whether the Texas or Federal Act applies.

## FEDERAL OR STATE ARBITRATION ACT

 The Federal Act applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. Commerce under the Federal Act is broadly construed, and whether a particular arbitration agreement is controlled by the Federal Act is determined by whether the contract relates to interstate commerce. *Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, Inc.*, 827 S.W.2d 103, 105 (Tex.App.-Austin 1992, writ denied). Additionally, the amount of commerce considered in the contract need not be substantial. *Id.* As long as a contract relates to interstate commerce, the Federal Arbitration Act is implicated. *Id.* When, as here, there is no express agreement to arbitrate under the FAA, the question of whether the parties' transaction affects interstate commerce is one of fact. *In re Merrill Lynch Trust Co.*, 123 S.W.3d 549, 553 (Tex.App.-San Antonio 2003, orig. proceeding).

 Eye Ten argues that the Federal Act does not apply because the contract between Associated Glass and S.E. Daniels does not involve interstate commerce. Here, however, the record reflects that the window systems Associated Glass installed in the Eye Ten Oaks buildings were shipped to San Antonio from Jonesboro, Georgia. Accordingly, we hold the contract at issue relates to interstate commerce, and the Federal Act applies to this dispute. *See Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d

352, 356 (Tex.App.-Houston [1st Dist.] 1995, no writ) (Federal Act applied where several significant components of construction project were produced in states other than Texas and where interstate mail was used in management of project); *see also In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex.2001) (orig.proceeding) ("[T]he United States Supreme Court has construed the FAA to extend as far as the Commerce Clause of the United States Constitution will reach."). Therefore, Associated Glass may seek relief through the remedy of a writ of mandamus. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992) (orig.proceeding). Accordingly, we dismiss Associated Glass's interlocutory appeal for lack of jurisdiction and proceed to consider its petition for writ of mandamus.

Neither Lundberg nor Eye Ten argues that the Federal Act controls the arbitration agreement in Lundberg's contract with S.E. Daniels. Additionally, we do not see anything in the record indicating that the contract between Lundberg and S.E. Daniels involves interstate commerce. Accordingly, we conclude that the Texas Act controls and proceed to consider Lundberg's interlocutory appeal.

## STANDARD OF REVIEW

 We review orders compelling or denying motions to compel arbitration under the Federal Arbitration Act under an abuse of discretion standard. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271–72 (Tex.1992) (orig.proceeding). The party moving to compel arbitration must establish that there is an agreement to arbitrate between the parties and the claims asserted fall within the scope of the agreement to arbitrate. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999) (orig.proceeding). Because mandamus will issue only to "correct a

clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law," relators must demonstrate that either: (1) the trial court could reasonably have reached only one decision concerning the resolution of certain factual issues or matters committed to the trial court's discretion; or (2) the trial court failed to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding).

■ Similarly, we review a trial court's determination regarding the existence of an arbitration agreement under the Texas Arbitration Act under an abuse of discretion standard. *ANCO Ins. Servs., Inc. v. Romero*, 27 S.W.3d 1, 5 (Tex.App.-San Antonio 2000, pet. denied). The trial court's interpretation of the arbitration clause, however, is a legal question subject to *de novo* review. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *see also Henry v. Gonzalez*, 18 S.W.3d 684, 690 (Tex.App.-San Antonio 2000, pet. dism'd by agr.). Arbitration agreements are interpreted under traditional contract principles. *Webster*, 128 S.W.3d at 227.

### MOTION TO COMPEL ARBITRATION

Both Associated Glass and Lundberg signed standard form contracts with S.E. Daniels, the general contractor. Both parties rely on the arbitration provisions in these contracts to provide authority for their argument that the trial court erred in failing to grant their motions to compel arbitration. Because the arbitration provisions in each of these contracts are identical, we will analyze them identically, applying the appropriate standards of review to each.

The arbitration provisions provide: "Any controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration . . ."

■ A party seeking to compel arbitration must first establish the existence of an arbitration agreement. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001) (orig.proceeding). Once the movant establishes an agreement, the court must then determine whether the arbitration agreement covers the nonmovant's claims. *Id.* Because state and federal policies favor arbitration, a presumption exists favoring agreements to arbitrate, and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *Id.*

Here, Eye Ten does not dispute that the subcontracts contain arbitration agreements. Rather, it argues that (1) it cannot be bound by the arbitration agreements because it is not a party to the subcontracts; and (2) its claims fall outside the arbitration agreements' scope.[2]

■ A nonsignatory can be bound by the terms of an arbitration provision in an agreement only if the nonsignatory is asserting claims that require reliance on the terms of the written agreement containing the arbitration provision. *S.W. Tex. Pathology Assocs. v. Roosth*, 27 S.W.3d 204, 208 (Tex.App.-San Antonio 2000, pet. dism'd w.o.j.). In other words, the nonsignatory's claim must seek to enforce the terms of the written agreement containing

---

**2.** In its first amended original petition, Eye Ten brought suit against Associated Glass and Lundberg for breach of warranty, negligence, fraud, fraudulent concealment, and negligent misrepresentation. Eye Ten later amended its petition, however, to exclude the breach-of-warranty claim. This second amended original petition was before the trial court when it ruled on the motions to compel arbitration.

the arbitration provision in order for the nonsignatory to be bound to arbitrate. *Id.* The nonsignatory cannot enforce specific terms of the agreement while seeking to avoid the arbitration provision. *Id.* In order to determine if Eye Ten's claims require such reliance, we examine the nature of its claims.

Similarly, to determine whether a party's tort claim falls within the scope of an agreement to arbitrate, we must examine the complaint's factual allegations rather than the legal causes of action asserted. *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995). If a tort claim is so interwoven with the contract that it cannot stand alone, it falls within the scope of an agreement to arbitrate; if, on the other hand, a tort claim is completely independent of the contract and could be maintained without reference to the contract, it falls outside the scope of an agreement to arbitrate. *See Valero Energy Corp. v. Teco Pipeline Co.,* 2 S.W.3d 576, 590 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Again, we resolve any doubts about the agreement's scope in favor of coverage. *In re FirstMerit Bank,* 52 S.W.3d at 754.

Here, Eye Ten alleges that Associated Glass and Lundberg jointly and severally caused water incursions and moisture accumulation at the Eye Ten buildings and that they failed to correct those problems. Specifically, Eye Ten alleges that Associated Glass and Lundberg (1) breached a duty of care owed to Eye Ten in the construction of two buildings; (2) made false representations to Eye Ten that the repairs each performed on the

buildings cured the defects; (3) had actual knowledge that the repairs each made did not fix the construction defects that caused the moisture problems; and (4) made negligent misrepresentations to Eye Ten by representing to Eye Ten that repairs fixed the moisture problems.[3]

All of these factual allegations arise out of or relate to Associated Glass's and Lundberg's alleged duties to build and repair the buildings, duties that arise from the subcontracts themselves. Thus, Eye Ten relies on the terms of the written agreement to establish its claims. "A party may not avoid broad language in an arbitration clause by attempting to cast complaints in tort rather than contract." *Merrill Lynch, Pierce, Fenner & Smith v. Eddings,* 838 S.W.2d 874, 880 (Tex.App.-Waco 1992, writ denied). Accordingly, we hold that (1) Eye Ten is bound by the arbitration provisions contained in the subcontracts between Associated Glass and S.E. Daniels and Lundberg and S.E. Daniels; and (2) all of Eye Ten's factual allegations fall within the arbitration provisions' scope.

Lundberg also argues that S.E. Daniels' claims against it should be arbitrated. We agree. The contracts between both S.E. Daniels and Lundberg and S.E. Daniels and Associated Glass provide that "[a]ny controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration ..." Here, S.E. Daniels brought a third-party petition against Associated Glass and Lundberg, alleging that Associated Glass and Lundberg "are liable in

3. After the trial court ruled on the motions to compel arbitration, Eye Ten amended its original petition again. This third amended original petition omits the fraud, fraudulent concealment, and negligent misrepresentation claims and alleges causes of action against Associated Glass and Lundberg for negligence and strict products liability. Because this petition was not before the trial court when it ruled on the motions to compel arbitration, however, we need not consider it.

whole or in part for the resulting loss and damages of Plaintiff, as [Associated Glass and Lundberg] were suppliers of materials and/or providers or labor on the subject job." Thus, its claims against Associated Glass and Lundberg arise out of the subcontracts. Additionally, Texas law favors the joint resolution of multiple claims to prevent multiple determinations of the same matter. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 271 (Tex.1992) (orig.proceeding). Accordingly, we hold that S.E. Daniels' claims against both Associated Glass and Lundberg should be sent to arbitration.

### WAIVER

Eye Ten contends that even if it is bound by the arbitration provisions contained in the subcontracts between Associated Glass and S.E. Daniels and Lundberg and S.E. Daniels, and even if all of Eye Ten's factual allegations fall within the arbitration provisions' scope, S.E. Daniels, and "by extension," Associated Glass and Lundberg, have waived their right to arbitrate. We disagree.

First, Eye Ten provides us with no authority for its contention that a party can waive its rights to arbitrate "by extension." TEX.R.APP. P. 38.1(h). Second, whether a party has waived its arbitration rights is a question of law. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 703–04 (Tex.1998) (orig.proceeding). Because public policy favors the resolution of disputes through arbitration, there is a strong presumption against waiver. *See id.* at 704. Therefore, the party seeking to avoid arbitration bears a heavy burden to prove waiver, and any doubts regarding waiver are resolved in favor of arbitration. *Menna v. Romero*, 48 S.W.3d 247, 251 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.). We will not find a party has waived arbitration unless (1) the party has substantially invoked the judicial process; and (2) the opposing party has suffered prejudice as a result. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898–99 (Tex.1995).

Here, Eye Ten alleges that S.E. Daniels substantially invoked the judicial process before seeking arbitration and that, as a result, Eye Ten was prejudiced by increased and "destructive" discovery expenses. However, Eye Ten did not submit any evidence to the trial court in support of these general allegations. Accordingly, it has failed to show it was prejudiced in this respect. *See Pennzoil Co. v. Arnold Oil Co.*, 30 S.W.3d 494, 499–500 (Tex.App.-San Antonio 2000, no pet.). Without such a showing, we will not find waiver.

### REMAINING ISSUES

In its brief, Eye Ten argues that the contract between Eye Ten and S.E. Daniels does not involve interstate commerce and that a valid and enforceable agreement to arbitrate does not exist between Eye Ten and S.E. Daniels. Here, however, it is the subcontract, not the prime contract, that establishes Eye Ten's duty to arbitrate its claims against Associated Glass and Lundberg.

### CONCLUSION

Because Eye Ten is bound by the arbitration agreements, and because Eye Ten's factual allegations fall within the agreements' scope, we hold that the trial court erred in failing to grant the motion to compel arbitration as it relates to Lundberg. We reverse and remand the trial court's order as it relates to Lundberg.

For the same reasons, we hold that the trial court abused its discretion in failing to grant the motion to compel arbitration as it relates to Associated Glass. Accordingly, we conditionally grant Associated Glass's petition for writ of mandamus. We

dismiss Associated Glass's interlocutory appeal for lack of jurisdiction.