OPINION
 
                                                            No. 04-04-00722-CV
 
DELL, INC.,
formerly known as Dell Computer Corporation,
Appellant

v.

Olga MUNIZ, et al.,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-04-20
Honorable Alex W. Gabert, Judge Presiding

                                                            No. 04-04-00752-CV

IN RE DELL, INC.,
formerly known as Dell Computer Corporation

Original Mandamus Proceeding



 
Opinion by:    Phylis J. Speedlin, Justice

Sitting:            Sarah B. Duncan, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   March 23, 2005

APPEAL DISMISSED FOR LACK OF JURISDICTION;
PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

            In these consolidated proceedings, Dell, Inc., formerly known as Dell Computer Corporation
(“Dell”), complains of the trial court’s order denying its motion to compel arbitration. The parties
concede that the arbitration agreement at issue is governed by the Federal Arbitration Act and we
concur. Accordingly, we dismiss Dell’s interlocutory appeal for lack of jurisdiction. See Tex. R.
App. P. 42.3(a). Because we hold the trial court abused its discretion in denying Dell’s motion to
compel arbitration, we conditionally grant the writ of mandamus, and we order the trial court to
withdraw its order denying arbitration and enter an order compelling arbitration under the Federal
Arbitration Act.
Factual and Procedural Background
            Olga Muniz placed a telephone order to purchase a Dell Dimension 2100 computer from Dell 
in September 2001. In response to the order, Dell sent Muniz a purchase invoice containing the
written terms and conditions of the transaction, which included a binding arbitration provision.


 The
computer was assembled in Nashville, Tennessee, and shipped to Muniz in Rio Grande City, Texas. 
When Dell delivered the computer to Muniz, it enclosed another copy of the same written terms and
conditions of sale, including the same arbitration provision; the terms and conditions provided an
option for Muniz to return the computer for a refund within thirty days. Muniz did not exercise the
return option. In connection with the purchase of her computer, Dell also provided Muniz with a
separate document containing a limited written warranty. Dell’s limited written warranty states that
“the hardware products it manufactures will be free from defects in materials and workmanship,”
and that it will repair or replace the defective product upon notice from the consumer. The
arbitration provision in Dell’s written terms and conditions of sale expressly excludes “claims
against Dell arising under the applicable written warranty” and provides that such claims may be
pursued in court.
            In January 2004, Muniz filed a proposed class action against Dell alleging that Dell
misrepresented the memory capacity of her computer by approximately 7%. Specifically, Muniz
asserted that Dell’s use of the terms “kilobyte,” “megabyte,” and “gigabyte” as decimal rather than
binary measurements is incorrect and misleading. Muniz asserted causes of action for breach of
contract, breach of implied warranty, and unjust enrichment.


 Dell filed a motion to compel
arbitration. In response, Muniz filed an amended petition omitting her previous causes of action, and
asserting a single cause of action against Dell for breach of its written warranty. Dell filed a
supplemental motion to compel arbitration, which was heard and denied by the trial court in a
general order. Dell filed this petition for writ of mandamus, as well as an interlocutory appeal.
Analysis
            The parties concede, and we agree, that the dispute concerns a contract evidencing a
transaction involving interstate commerce; therefore, the Federal Arbitration Act, 9 U.S.C. §§1-16
(“FAA”), applies to the controversy. Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 277-81
(1995). Under the FAA, the denial of a motion to compel arbitration is reviewable by mandamus
because there is no adequate remedy by appeal. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271-72 (Tex. 1992) (orig. proceeding); In re Medallion, Ltd., 70 S.W.3d 284, 287 (Tex. App.—San
Antonio 2002, orig. proceeding). Because we hold the FAA applies, we dismiss Dell’s interlocutory
appeal for lack of jurisdiction,


 and proceed to consider the merits of its petition for writ of
mandamus.
            We review orders compelling or denying arbitration under the FAA under an abuse of
discretion standard. Jack B. Anglin Co., 842 S.W.2d at 271. Mandamus will issue only to “correct
a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate
remedy by law.” Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding) (quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)); see also Associated Glass,
Ltd. v. Eye Ten Oaks Investments, Ltd., 147 S.W.3d 507, 511-12 (Tex. App.—San Antonio 2004,
orig. proceeding). In order to obtain mandamus relief, Dell must establish that the trial court could
reasonably have reached only one decision concerning the resolution of factual issues or matters
committed to its discretion, or failed to analyze or apply the law correctly. Walker, 827 S.W.2d at
840; Associated Glass, 147 S.W.3d at 512. A trial court has no discretion in determining what the
law is or in applying the law to the facts. Therefore, a clear failure by the trial court to analyze or
apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ. Walker, 827 S.W.2d at 840. 
            A party seeking to compel arbitration by mandamus must establish the existence of a valid
arbitration agreement subject to the FAA, and that the claims asserted fall within the scope of the
arbitration agreement. In re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (orig.
proceeding); In re Medallion, 70 S.W.3d at 287. Whether a claim falls within the scope of an
arbitration agreement is a question of law that we review de novo. Henry v. Gonzalez, 18 S.W.3d
684, 691 (Tex. App.—San Antonio 2000, pet. dism’d by agr.). To determine whether a claim falls
within the scope of an arbitration agreement, we examine the factual allegations of the complaint,
rather than the legal causes of action asserted. Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896,
900 (Tex. 1995) (orig. proceeding); Henry, 18 S.W.3d at 689. A plaintiff may not avoid arbitration
by merely re-casting the same factual allegations as a different legal cause of action. Associated
Glass, 147 S.W.3d at 513.
            Arbitration agreements are interpreted under traditional contract principles. J.M. Davidson,
Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003). Once the party seeking to compel arbitration
establishes its right to arbitration, if the opposing party does not defeat that right, the trial court has
no discretion and is obligated to compel arbitration. Cantella & Co. v. Goodwin, 924 S.W.2d 943,
944 (Tex. 1996) (orig. proceeding); Henry, 18 S.W.3d at 688. Because a presumption exists in favor
of arbitration, courts must resolve any doubt about an arbitration agreement’s existence or scope in
favor of arbitration. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding);
Henry, 18 S.W.3d at 688-89.
            Here, there is no dispute about the arbitration agreement’s existence. The parties agree that
the agreement exists and is valid. The parties disagree only about whether the claim asserted by
Muniz falls within the arbitration agreement’s express exception for claims under Dell’s limited
written warranty. We must determine, therefore, whether the factual allegations asserted by Muniz
in her second amended petition constitute a claim for breach of Dell’s limited written warranty, i.e.,
a claim based on a “defect[s] in materials [or] workmanship” of her computer’s hardware.
            In determining whether Muniz has pled a claim for breach of Dell’s limited written warranty,
we look to the specific facts pled, not the label given to the legal cause of action. Marshall, 909
S.W.2d at 900; Henry, 18 S.W.3d at 689. In her second amended petition, Muniz alleges in
substantial detail that Dell misrepresented the memory capacity of her computer due to its misleading
usage of “kilobyte,” “gigabyte,” and “megabyte” in terms of decimals, and that she therefore received
less memory than Dell represented and she paid for. She also asserts that: (1) Dell’s written
warranty promised the computer would be “free from defects in materials and workmanship;” (2)
“the breach was the result of a defective memory component;” and (3) “the breach occurred because
the memory component in Ms. Muniz’s computer (the specific defective component being the
computer’s hard drive) has less storage capacity/memory than she paid for, by roughly 7%.”



            Muniz references a “defective memory component” and seems to imply the “defective
memory component” is the computer’s hard drive, or is in the hard drive; however, she fails to point
to a specific defect in the materials or workmanship of either. Although the term “defect” is not
defined in Dell’s written warranty, when the language of a contract is not ambiguous, we must give
the words used their plain and ordinary meaning. See United Servs. Auto. Ass’n v. Pennington, 810
S.W.2d 777, 779 (Tex. App.—San Antonio 1991, writ denied). The common meaning of the term
“defect” is “a lack of something necessary for completeness, adequacy or perfection: deficiency.”


 
Webster’s Ninth New Collegiate Dictionary 333 (9th ed. 1990). Here, Muniz makes no
attempt to specify a deficiency in the “memory component” or hard drive, nor does she allege a lack
of something necessary for proper functioning or a malfunction that requires repair or replacement.


 
Further, Muniz does not identify a particular material, part, or piece in the “memory component” or
hard drive that is defective. Similarly, she does not allege that faulty workmanship caused the
“memory component” or hard drive to be deficient. Muniz merely alleges that the “memory
component” is defective solely because it has 7% less capacity “than she paid for.”
            The gist of Muniz’s factual allegations against Dell are that Dell misrepresents the memory
capacity of its computers in its marketing and sales materials to all consumers nationwide. We
conclude that her factual allegations do not state a claim for breach of Dell’s limited written
warranty. Therefore, Muniz’s claim does not fall within the arbitration agreement’s stated exception
for claims arising under the written warranty. Because we conclude Muniz’s claim against Dell falls
within the scope of the arbitration agreement, we hold the trial court abused its discretion in
declining to compel arbitration.


 Accordingly, we conditionally grant the writ of mandamus, and we
order the trial court to withdraw its order denying arbitration and enter an order compelling
arbitration under the FAA. The writ will only issue if the trial court fails to withdraw its order
denying arbitration, and enter an order compelling arbitration, within ten days from the date of our
opinion and order.
 
                                                                                    Phylis J. Speedlin