

## OPINION

No. 04-08-00620-CV

**IN RE MP VENTURES OF SOUTH TEXAS, LTD.**

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Justice

Sitting:        Catherine Stone, Justice
                 Sandee Bryan Marion, Justice
                 Phylis J. Speedlin, Justice

Delivered and Filed:   November 12, 2008

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator MP Ventures of South Texas, Ltd. ("MP Ventures"), a defendant in the underlying proceeding, seeks a writ of mandamus to compel arbitration under the Federal Arbitration Act ("FAA"). We conditionally grant mandamus relief.

## BACKGROUND

On February 22, 2005, Walter Oggoian ("Oggoian") contracted with Florian Sunrooms (MP Ventures of South Texas d/b/a Florian Sunrooms) to purchase a greenhouse to be installed on

---

[1] This proceeding arises out of Cause No. 07-938-B, styled *Walter Oggoian v. MP Ventures of South Texas, Ltd. d/b/a Florian Sunrooms*, pending in the 198th Judicial District Court, Kerr County, Texas, the Honorable Emil Karl Prohl presiding.

Oggoian's property in Kerr County. Oggoian claims that in the summer of 2006, the greenhouse failed to maintain the appropriate temperature, getting so hot that the exhaust fans had to run constantly and the panes of glass shattered. On November 26, 2007, Oggoian sued MP Ventures for breach of contract, negligent misrepresentation, and deceptive trade practices. Oggoian's original petition alleged that MP Ventures published numerous brochures representing that its greenhouses would maintain a relatively consistent temperature.

The sales contract ("the agreement") between MP Ventures and Oggoian called for arbitration of "all unresolved disputes (not limited to breach of contract action) relating to this agreement." MP Ventures moved to compel arbitration under the agreement's arbitration provision, alleging that Chapter 171 of the Civil Practice and Remedies Code (Texas Arbitration Act ("TAA")) applied. The trial court held a hearing, at which Oggoian argued that the TAA did not apply because the "consumer exception" contained in section 171.002(a)(2) of the Civil Practice and Remedies Code rendered the arbitration provision unenforceable.[2] The trial court asked the parties to provide additional briefing on the issue and on February 11, 2008, MP Ventures filed "Defendant's Amended Motion to Compel Arbitration and Abate Proceedings and Memorandum of Law to the Court in Support of the Motion to Compel Arbitration." In its amended motion to compel arbitration, MP Ventures conceded that the TAA did not apply, but added a new claim that the arbitration provision was enforceable pursuant to common law contract principles and the Federal Arbitration Act. On April 9, 2008, the trial court signed an order denying MP Ventures' motion to compel arbitration

---

[2] The "consumer exception" found in section 170.002(a)(2) provides that "[t]his chapter does not apply to . . . an agreement for the acquisition by one or more individuals of property, services, money, or credit in which the total consideration to be furnished by the individual is not more than $50,000, except as provided by Subsection(b)." TEX. CIV. PRAC. & REM. CODE ANN. § 171.002(a)(2) (Vernon 1997).

based on the consumer exception in section 171.002(a)(2) of the Civil Practice and Remedies Code. MP Ventures subsequently filed a request for clarification with the trial court, seeking to determine whether the trial court's order denied MP Ventures' (1) motion to compel arbitration, (2) amended motion to compel arbitration, or (3) both motions. In a letter dated June 6, 2008, the trial court explained that the order was based on "all materials and briefs provided to the Court, including Defendant's Amended Motion to Compel Arbitration." MP Ventures now seeks mandamus relief from the trial court's failure to compel arbitration under the agreement.

## DISCUSSION

The sole issue in this petition for writ of mandamus is whether the trial court abused its discretion in denying MP Ventures' amended motion to compel arbitration. Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. When a motion to compel arbitration under the FAA has been erroneously denied, there is no adequate remedy at law, and mandamus will issue. *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding).

A party seeking a writ of mandamus to compel arbitration under the FAA must: (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (orig. proceeding). Whether there is an enforceable agreement to arbitrate is a legal question subject to *de*

*novo* review. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Once a valid arbitration agreement has been established, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration. *See In re AdvancePCS*, 172 S.W.3d at 607; *In re Hartigan*, 107 S.W.3d 684, 687-88 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]).

In the case at hand, in support of MP Ventures' motion to compel arbitration and the amended motion to compel arbitration, MP Ventures submitted a copy of the agreement that contained the arbitration provision. Oggoian's arguments in the trial court and in his response to the petition for writ of mandamus do not deny the existence of the agreement to arbitrate. To the contrary, Oggoian acknowledged that "[t]his matter is governed by Chapter 171 of the Civil Practice and Remedies Code, the Texas General Arbitration Act." Accordingly, we conclude that MP Ventures met its initial burden of establishing a valid agreement to arbitrate. In addition, MP Ventures was required to show that the claims asserted are within the scope of the agreement. Once again, Oggoian's arguments in the trial court and in his response to the petition for writ of mandamus do not deny that the claims fall within the scope of the agreement to arbitrate. Given the comprehensive language in the arbitration provision, "all unresolved disputes (not limited to breach of contract action) relating to this agreement," we conclude that the claims asserted by Oggoian fall within the scope of the agreement.[3]

---

[3] We note that the agreement did not specify whether the Texas or Federal Arbitration Act applied.

We next address whether the FAA applies to the arbitration agreement.[4]  When there is no express agreement to arbitrate under the FAA, a party may establish the applicability of the FAA by showing that the transaction affects or involves interstate commerce. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269-70 (Tex. 1992); *Associated Glass, Ltd. v. Eye Ten Oaks Invs., Ltd.*, 147 S.W.3d 507, 511 (Tex. App.—San Antonio 2004, orig. proceeding). Commerce under the Federal Act is broadly construed and the amount of commerce considered in the contract need not be substantial. *Eye Ten Oaks*, 147 S.W.3d at 511.  As long as a contract relates to interstate commerce, the FAA is implicated. *Id.*

A party who alleges interstate commerce is affected may show it in several ways: (1) location of headquarters in another state; (2) transportation of materials across state lines; (3) manufacture of parts in a different state; (4) billings prepared out of state; and (5) interstate mail and phone calls in support of a contract.  *Stewart Title Guar. Co. v. Mack*, 945 S.W.2d 330, 333 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding) (citing *Anglin*, 842 S.W.2d at 270).  This court has on more than one occasion held that the FAA applies when the materials used to carry out the terms of the contract are transported from out of state. *In re Cutler-Gallaway Servs., Inc.*, No. 04-

---

[4] Oggoian contends that we cannot consider relator's arguments that the FAA applies because (1) the initial motion to compel arbitration was based solely on the TAA, and (2) the trial court only gave the parties the opportunity to provide additional briefing on the applicability of the TAA, not to amend its motion and submit additional evidence without a hearing. Oggoian concludes that MP Ventures cannot ask this court for relief based on the FAA because it was not an argument made to the trial court.  We disagree.  In the trial court's letter to all counsel of record, Judge Prohl explained that the order was entered after considering all materials and briefs provided to the court, including the amended motion to compel arbitration.  Therefore, it is clear that the court considered MP Ventures' amended motion to compel arbitration when making its final determination.  The trial court was not required under the circumstances to hold an additional hearing because Oggoian never controverted the facts or allegations in the amended motion to compel arbitration.  If material facts are uncontroverted, the trial court may decide whether to compel arbitration based on the affidavits, pleadings, discovery, and stipulations.  *Anglin*, 842 S.W.2d at 269.  The trial court is only required to hold a hearing to resolve *disputed* facts.  *Id.* (emphasis added).  Accordingly, we will consider relator's arguments regarding the enforcement of the arbitration provision under the FAA.

07-00216-CV, 2007 WL 1481999, *1 (Tex. App.—San Antonio 2007, orig. proceeding) (mem. op.) (citing *Allied-Bruce Terminex Companies, Inc. v. Dobson*, 513 U.S. 265, 282 (1995)) (holding that interstate commerce is affected because the contracts involved the transport of stone materials from Arizona to Texas); *Eye Ten Oaks*, 147 S.W.3d at 511 (holding that the contract relates to interstate commerce because the window systems installed by relator were shipped from Georgia to San Antonio).

The material evidence before the trial court consisted of the pleadings, the contract, and David Patrick Wheeler's affidavit. In relator's amended motion to compel arbitration and in its petition in this court, relator argues various factors demonstrate that the transaction between Oggoian and MP Ventures affected interstate commerce. Wheeler's affidavit states that materials used in the project were transported from Florian Solar Products, LLC in South Carolina to San Antonio, Texas and a letter was transmitted by MP Ventures to Florian in South Carolina. The record contains no indication that Oggoian either disputed Wheeler's affidavit or offered evidence to the contrary. In addition, Oggoian has not provided any argument to this court regarding whether interstate commerce is affected. The trial court and this court "must accept as true the clear, direct, and positive evidence of an undisputed affidavit, even of a party's agent." *Anglin*, 842 S.W.2d at 270. Oggoian now attempts to dispute the affidavit by arguing that the affidavit is not "competent evidence" because it was submitted after the hearing and it is inadmissible hearsay. However, Oggoian has not shown that he objected to the admissibility of the affidavit in the trial court. Accordingly, we hold that MP Ventures met its burden to show that interstate commerce is affected and the arbitration agreement is governed by the FAA.

Finally, we acknowledge that Oggoian relied upon the consumer exception found in the Texas Arbitration Act as a defense to MP Ventures' motion to compel arbitration. Thus, we must determine whether the statutory consumer exception is a viable defense to the Federal Arbitration Act. We conclude that it is not. The FAA supersedes any contrary state law. *See* U.S. CONST. art. VI § 2; *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.11 (1984) (enforcing arbitration agreement under federal law even though it was alleged that the agreement was illegal pursuant to a state statute). In a similar case, the Texas Supreme Court has held that the FAA preempts the application of the non-waiver provision of the Texas Deceptive Trade Practices Act. *See Anglin*, 824 S.W.2d at 270-71. In short, the FAA "represents a federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary." *In re Border Steel, Inc.*, 229 S.W.3d 825, 831 (Tex. App.—El Paso 2007, orig. proceeding [mand. denied]).

Having determined that the FAA is the governing statute, and that the consumer exception relied upon by Oggoian is preempted by the FAA, we conclude the trial court erred in denying the motion to compel arbitration. When a trial court erroneously denies a motion to compel arbitration and the underlying contract is governed by the FAA, mandamus relief is appropriate. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding).

## CONCLUSION

We conclude the trial court clearly abused its discretion in denying MP Ventures' amended motion to compel arbitration. Accordingly, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to withdraw its orders denying MP Ventures' amended motion to compel arbitration and enter an order compelling arbitration within 10 days.

Catherine Stone, Justice