**DELL, INC., formerly known as Dell Computer Corporation, Appellant,**

v.

**Olga MUNIZ, et al., Appellees.**

**In re Dell, Inc., formerly known as Dell Computer Corporation.**

Nos. 04–04–00722–CV, 04–04–00752–CV.

Court of Appeals of Texas, San Antonio.

March 23, 2005.

Beverly G. Reeves, Kim E. Brightwell, Paul Schlaud, Reeves & Brightwell LLP, Austin, Rene P. Montalvo, Law Office of Rene P. Montalvo, P.C., Rio Grande City, David Casso, Flores, Casso & Pettitt, L.L.P., McAllen, for appellant.

Austin Tighe, Vic Feazell, Feazell & Tighe, L.L.P., Austin, Bryan K. Harris, Juan Enrique Mejia, Daniel G. Covich, Harris Mejia, L.L.P., Corpus Christi, Lionel Z. Glancy, Avi Wagner, Robert J. Perkins, Glancy & Binkow, L.L.P., Peter Sullivan, Samuel G. Liversidge, Gibson, Dunn & Crutcher, L.L.P., Los Angeles, CA, Mitchell C. Chaney, Rodriguez, Colvin, Chaney & Saenz, L.L.P., Brownsville, Michael J. Holston, Drinker Biddle, Philadelphia, PA, for appellees.

Sitting: SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

In these consolidated proceedings, Dell, Inc., formerly known as Dell Computer Corporation ("Dell"), complains of the trial court's order denying its motion to compel arbitration. The parties concede that the arbitration agreement at issue is governed by the Federal Arbitration Act and we concur. Accordingly, we dismiss Dell's interlocutory appeal for lack of jurisdiction. *See* Tex.R.App. P. 42.3(a). Because we hold the trial court abused its discretion in denying Dell's motion to compel arbitration, we conditionally grant the writ of mandamus, and we order the trial court to withdraw its order denying arbitration and enter an order compelling arbitration under the Federal Arbitration Act.

### FACTUAL AND PROCEDURAL BACKGROUND

Olga Muniz placed a telephone order to purchase a Dell Dimension 2100 computer from Dell in September 2001. In response to the order, Dell sent Muniz a purchase invoice containing the written terms and conditions of the transaction, which included a binding arbitration provision.[2] The computer was assembled in Nashville, Tennessee, and shipped to Muniz in Rio Grande City, Texas. When Dell delivered

the computer to Muniz, it enclosed another copy of the same written terms and conditions of sale, including the same arbitration provision; the terms and conditions provided an option for Muniz to return the computer for a refund within thirty days. Muniz did not exercise the return option. In connection with the purchase of her computer, Dell also provided Muniz with a separate document containing a limited written warranty. Dell's limited written warranty states that "the hardware products it manufactures will be free from defects in materials and workmanship," and that it will repair or replace the defective product upon notice from the consumer. The arbitration provision in Dell's written terms and conditions of sale expressly excludes "claims against Dell arising under the applicable written warranty" and provides that such claims may be pursued in court.

In January 2004, Muniz filed a proposed class action against Dell alleging that Dell misrepresented the memory capacity of her computer by approximately 7%. Specifically, Muniz asserted that Dell's use of the terms "kilobyte," "megabyte," and "gigabyte" as decimal rather than binary measurements is incorrect and misleading. Muniz asserted causes of action for breach of contract, breach of implied warranty, and unjust enrichment.[3] Dell filed a motion to compel arbitration. In response, Muniz filed an amended petition omitting her previous causes of action, and asserting a single cause of action against Dell for

---

**2.** The arbitration provision states, "any claim, dispute or controversy (whether in contract, tort, or otherwise, whether preexisting, present or future, and including statutory, common law, intentional tort, and equitable claims) against Dell ... arising from or relating to this Agreement, its interpretation, or the breach, termination or validity thereof, the relationships which result from this Agreement ..., Dell's advertising, or any related purchase shall be resolved exclusively

and finally by binding arbitration administered by the National Arbitration Forum ...".

**3.** Muniz's co-plaintiff, Irma Gonzalez, alleged the same factual assertions and causes of action against Hewlett Packard Company and Compaq Computer Corporation based on her purchase of a Compaq computer. Muniz only asserted claims against Dell.

breach of its written warranty. Dell filed a supplemental motion to compel arbitration, which was heard and denied by the trial court in a general order. Dell filed this petition for writ of mandamus, as well as an interlocutory appeal.

### ANALYSIS

The parties concede, and we agree, that the dispute concerns a contract evidencing a transaction involving interstate commerce; therefore, the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"), applies to the controversy. *Allied–Bruce Terminix Co. v. Dobson,* 513 U.S. 265, 277–81, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Under the FAA, the denial of a motion to compel arbitration is reviewable by mandamus because there is no adequate remedy by appeal. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 271–72 (Tex. 1992) (orig.proceeding); *In re Medallion, Ltd.,* 70 S.W.3d 284, 287 (Tex.App.-San Antonio 2002, orig. proceeding). Because we hold the FAA applies, we dismiss Dell's interlocutory appeal for lack of jurisdiction,[4] and proceed to consider the merits of its petition for writ of mandamus.

We review orders compelling or denying arbitration under the FAA under an abuse of discretion standard. *Jack B. Anglin Co.,* 842 S.W.2d at 271. Mandamus will issue only to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding) (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)); *see also Associated Glass, Ltd. v. Eye Ten Oaks Investments, Ltd.,* 147 S.W.3d 507, 511–12 (Tex.App.-San Antonio 2004, orig. proceeding). In order to obtain mandamus relief, Dell must establish that the trial court could reasonably have reached only one decision concerning the resolution of factual issues or matters committed to its discretion, or failed to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840; *Associated Glass,* 147 S.W.3d at 512. A trial court has no discretion in determining what the law is or in applying the law to the facts. Therefore, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

A party seeking to compel arbitration by mandamus must establish the existence of a valid arbitration agreement subject to the FAA, and that the claims asserted fall within the scope of the arbitration agreement. *In re Oakwood Mobile Homes, Inc.,* 987 S.W.2d 571, 573 (Tex. 1999) (orig.proceeding); *In re Medallion,* 70 S.W.3d at 287. Whether a claim falls within the scope of an arbitration agreement is a question of law that we review *de novo. Henry v. Gonzalez,* 18 S.W.3d 684, 691 (Tex.App.-San Antonio 2000, pet. dism'd by agr.). To determine whether a claim falls within the scope of an arbitration agreement, we examine the factual allegations of the complaint, rather than the legal causes of action asserted. *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995) (orig.proceeding); *Henry,* 18 S.W.3d at 689. A plaintiff may not avoid arbitration by merely re-casting the same factual allegations as a different legal cause of action. *Associated Glass,* 147 S.W.3d at 513.

Arbitration agreements are interpreted under traditional contract princi-

---

4. A trial court's order denying arbitration under the Texas Arbitration Act is reviewable through an interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a) (Vernon Supp.2004–05).

ples. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003). Once the party seeking to compel arbitration establishes its right to arbitration, if the opposing party does not defeat that right, the trial court has no discretion and is obligated to compel arbitration. *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig.proceeding); *Henry*, 18 S.W.3d at 688. Because a presumption exists in favor of arbitration, courts must resolve any doubt about an arbitration agreement's existence or scope in favor of arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001) (orig.proceeding); *Henry*, 18 S.W.3d at 688–89.

■ Here, there is no dispute about the arbitration agreement's existence. The parties agree that the agreement exists and is valid. The parties disagree only about whether the claim asserted by Muniz falls within the arbitration agreement's express exception for claims under Dell's limited written warranty. We must determine, therefore, whether the factual allegations asserted by Muniz in her second amended petition constitute a claim for breach of Dell's limited written warranty, *i.e.*, a claim based on a "defect[s] in materials [or] workmanship" of her computer's hardware.

In determining whether Muniz has pled a claim for breach of Dell's limited written warranty, we look to the specific facts pled, not the label given to the legal cause of action. *Marshall*, 909 S.W.2d at 900;

*Henry*, 18 S.W.3d at 689. In her second amended petition, Muniz alleges in substantial detail that Dell misrepresented the memory capacity of her computer due to its misleading usage of "kilobyte," "gigabyte," and "megabyte" in terms of decimals, and that she therefore received less memory than Dell represented and she paid for. She also asserts that: (1) Dell's written warranty promised the computer would be "free from defects in materials and workmanship;" (2) "the breach was the result of a defective memory component;" and (3) "the breach occurred because the memory component in Ms. Muniz's computer (the specific defective component being the computer's hard drive) has less storage capacity/memory than she paid for, by roughly 7%." [5]

■ Muniz references a "defective memory component" and seems to imply the "defective memory component" is the computer's hard drive, or is in the hard drive; however, she fails to point to a specific defect in the materials or workmanship of either. Although the term "defect" is not defined in Dell's written warranty, when the language of a contract is not ambiguous, we must give the words used their plain and ordinary meaning. *See United Servs. Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 779 (Tex.App.-San Antonio 1991, writ denied). The common meaning of the term "defect" is "a lack of something necessary for completeness, adequacy or perfection: deficiency." [6] WEBSTER'S NINTH NEW COLLEGIATE DICTIO-

5. Muniz also claims that she called Dell and "complained about her problems with storing documents on her computer." The record shows Muniz never requested that Dell repair or replace any hardware under the limited written warranty.

6. In the context of consumer products, a "defect" has been construed as "a condition of the goods that renders them unfit for the ordinary purpose for which they are used

because of a lack of something necessary for adequacy." *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 444 (Tex.1989) (interpreting the term "defect" within the context of an implied warranty of merchantability). In the context of an implied warranty of merchantability, a product defect may be established by circumstantial evidence that there was a proper use of the goods and a malfunction. *Id.*

NARY 333 (9th ed.1990). Here, Muniz makes no attempt to specify a deficiency in the "memory component" or hard drive, nor does she allege a lack of something necessary for proper functioning or a malfunction that requires repair or replacement.[7] Further, Muniz does not identify a particular material, part, or piece in the "memory component" or hard drive that is defective. Similarly, she does not allege that faulty workmanship caused the "memory component" or hard drive to be deficient. Muniz merely alleges that the "memory component" is defective solely because it has 7% less capacity "than she paid for."

The gist of Muniz's factual allegations against Dell are that Dell misrepresents the memory capacity of its computers in its marketing and sales materials to all consumers nationwide. We conclude that her factual allegations do not state a claim for breach of Dell's limited written warranty. Therefore, Muniz's claim does not fall within the arbitration agreement's stated exception for claims arising under the written warranty. Because we conclude Muniz's claim against Dell falls within the scope of the arbitration agreement, we hold the trial court abused its discretion in declining to compel arbitration.[8] Accordingly, we conditionally grant the writ of mandamus, and we order the trial court to withdraw its order denying arbitration and enter an order compelling arbitration under the FAA. The writ will only issue if the trial court fails to withdraw its order denying arbitration, and enter an order compel-

ling arbitration, within ten days from the date of our opinion and order.

---

7. Dell's limited written warranty promises to repair or replace the defective part within a certain time frame. Muniz's second amended petition forecloses repair or replacement of her computer as an option because she claims all of Dell's computers contain less memory capacity than represented.

8. As noted, *supra,* the arbitration agreement broadly covers any claims or disputes arising from or relating to the "Agreement, its interpretation, or the breach, termination or validity thereof," including "Dell's advertising."