

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00348-CV

**ANDERSON-JENKINS SIGNATURE HOMES, LTD.** and
Anderson-Jenkins Signature Homes GP, LLC,
Appellants

v.

Benjamin Randolph **ALLEN**, III and Kelley P. Allen,
Appellees

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 17-148
Honorable Bill R. Palmer, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: December 5, 2018

REVERSED AND RENDERED

Anderson-Jenkins Signature Homes, Ltd., and Anderson-Jenkins Signature Homes GP, LLC (collectively "Anderson-Jenkins") appeal a trial court's order denying their motion to compel arbitration. Because we hold appellees failed to satisfy their heavy burden to prove Anderson-Jenkins impliedly waived its right to arbitrate appellees' claims, which fall within the scope of a valid arbitration agreement, we reverse the trial court's order and render an order granting Anderson-Jenkins's motion to compel.

**BACKGROUND**

This case arises out of alleged construction defects of the home of appellees Benjamin Randolph Allen, III and Kelley P. Allen. The home was constructed pursuant to a sales contract between the Allens and GW Custom Builders d/b/a Michael Gregg Signature Homes. The sales contract contained an arbitration provision. Anderson-Jenkins acquired Michael Gregg Signature Homes, and the Allens and Anderson-Jenkins executed a letter agreement authorizing the sales contract to be transferred, assigned, and conveyed to Anderson-Jenkins under the same terms as the original sales contract.

In 2016, to address a dispute over alleged construction defects, the Allens and Anderson-Jenkins entered into an agreement to toll the statute of limitations on the Allens' claims until the end of December 2016; this agreement is referred to as the "tolling agreement." The parties entered into another agreement to extend the tolling agreement until the end of March 2017; this agreement is referred to as the "extension agreement." The purpose of the tolling agreement and the extension agreement was for "settlement negotiations prior to the commencement of suit."

No settlement agreement was reached, and the Allens filed suit on March 27, 2017. On April 24, 2017, Anderson-Jenkins filed an original answer that was expressly subject to its right to arbitrate. Other than Anderson-Jenkins's May 19, 2017 motion to designate lead counsel, the record before us contains no filings until February 2018, when the Allens filed a motion to set the case for trial. The trial court granted the motion, set the case for trial on June 25, 2018, and signed a scheduling order. In late March 2018, the parties filed two Rule 11 agreements with regard to the scheduling order; one set a deadline for designating experts and the other set a discovery deadline for thirty days before trial.

On March 29, 2018, Anderson-Jenkins filed a motion for leave to designate responsible third parties and a motion for leave to file a third-party petition. The attached third-party petition

was also made "[w]ithout waiving any right [to] arbitrate." The hearing on those motions was set for April 23, 2018; the Allens filed a response to those motions before the hearing; and Anderson-Jenkins filed a reply. The filings with regard to these motions show the Allens took a December 14, 2017 deposition of Michael Shayne Anderson, one of Anderson-Jenkins's owners. The certificate of the deposition states the Allens spent "3 hours 39 minutes" deposing Anderson, and Anderson-Jenkins used "0 hours 16 minutes" for the deposition. The trial court signed an order denying Anderson-Jenkins's third-party motions on May 2, 2018.

On May 3, 2018, Anderson-Jenkins filed a motion to compel arbitration. In the motion, Anderson-Jenkins argued the Allens' claims fell within the scope of the arbitration provision in the sales contract. The motion further argued Anderson-Jenkins had not waived arbitration by substantially invoking the judicial process. Anderson-Jenkins alleged its actions in the suit— participating in written discovery, making Anderson-Jenkins owners available for oral deposition, and taking defensive actions—were merely participatory. Anderson-Jenkins alleged it had inspected the Allens' property to preserve its rights and the written discovery it propounded "was to obtain information relevant to the statute of limitations, statute of repose, and existence of a contract between the parties." The hearing on the motion was set for May 24, 2018. The Allens filed a response, which did not expressly deny the existence of a valid arbitration agreement or that the Allens' claims fell within the scope of the arbitration agreement. Instead, the response argued only that Anderson-Jenkins was estopped from asserting its right to arbitrate and impliedly waived its right to arbitrate by substantially invoking the judicial process. There were no exhibits attached to the Allens' response, and the response was not verified.

At the motion to compel hearing, the trial court heard mostly arguments from the parties. Mr. Allen testified briefly about his expenses in this litigation and the damage to the Allens' property. During his testimony, the trial court admitted into evidence the tolling agreement, the

extension agreement, his attorney's billing records and a categorization of the attorney's fees, Anderson-Jenkins's notice of Mr. Allen's deposition, and an itemized list of expenses incurred "for the purpose of complying with the court procedures and inspection process under the Residential Construction Liability Act." The Allens offered another exhibit containing excerpts from the deposition of Jeffrey M. Jenkins, and Anderson-Jenkins offered the entire deposition, but the trial court did not admit either exhibit. The trial court denied the motion at the hearing, and then reduced its order to writing. Anderson-Jenkins timely appealed.

## MOTION TO COMPEL ARBITRATION

The sole issue on appeal is whether the trial court erred by denying Anderson-Jenkins's motion to compel arbitration. The arbitration agreement at issue provides the agreement is governed by the Federal Arbitration Act (FAA).[1] "Under the FAA, a . . . party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "If the party seeking to compel arbitration meets this burden, the burden then shifts, and to avoid arbitration, the party opposing it must prove an affirmative defense to the provision's enforcement, such as waiver." *Id.*

### A. Standard & Scope of Review

When parties file a motion to compel and a response, the "trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). But when, as here, "the material facts necessary to determine the issue are controverted, by an opposing affidavit or

---

[1] The agreement further states that if the FFA is not applicable, the Texas Arbitration Act (TAA) applies. Neither party has argued or shown the TAA applies and the FAA does not apply or why any differences between the two statutes would be material in this case.

otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Id.*; *see In re MP Ventures of S. Tex., Ltd.*, 276 S.W.3d 524, 529 (Tex. App.—San Antonio 2008, no pet.).

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry*, 551 S.W.3d at 115. "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id.* "Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law, which are reviewed de novo." *Id.* When, as here, the trial court does not make findings of fact and does not specify the basis for its order, we will infer the trial court made all findings necessary to support its order and we will affirm the order on any ground supported by the record. *See Paragon Indus. Applications, Inc. v. Stan Excavating, LLC*, 432 S.W.3d 542, 549 (Tex. App.—Texarkana 2014, no pet.).

## B. Validity and Scope of the Arbitration Agreement

Anderson-Jenkins argues there is a valid arbitration agreement and the Allens' claims fall within the scope of that agreement. *See Henry*, 551 S.W.3d at 115. The Allens did not argue in the trial court, and do not argue on appeal, that Anderson-Jenkins failed to establish either element. Having reviewed the record, we agree Anderson-Jenkins established the existence of a valid arbitration agreement and the Allens' claims fall within the scope of that agreement. In the trial court and on appeal, the parties dispute whether Anderson-Jenkins may enforce its contractual right to arbitrate the Allens' claims. We therefore address whether the Allens proved an affirmative defense to the enforcement of the arbitration provision. *See id.*

## C. Affirmative Defenses to Enforcement of the Arbitration Agreement

In their response to the motion to compel, the Allens argued Anderson-Jenkins waived its rights under the arbitration provision due to its substantial invocation of the judicial process. The

Allens also argued Anderson-Jenkins was estopped from seeking enforcement of the arbitration provision. In addition to implied waiver and estoppel, the Allens argue for the first time on appeal that Anderson-Jenkins expressly waived its right to arbitrate.

### 1. *Express Waiver & Estoppel*

The Allens' arguments as to express waiver and estoppel are premised upon the tolling agreement and the extension agreement. The tolling agreement tolled the statute of limitations and postponed litigation for four months and provided, as did the three-month extension agreement, the purpose of the tolling was for "settlement negotiations prior to the commencement of suit." The Allens argue these agreements establish Anderson-Jenkins expressly waived its right to arbitrate and Anderson-Jenkins should be equitably estopped from asserting its right to arbitrate. Initially, we note the Allens never alleged or argued in the trial court that Anderson-Jenkins expressly waived its right to arbitrate. The Allens also cite no authority that equitable estoppel is, independent of express or implied waiver, an affirmative defense to enforcement of an arbitration agreement.

Assuming without deciding that the trial court could have based its decision on either express waiver and equitable estoppel, neither would support the trial court's order. Equitable estoppel requires a false representation or concealment of material facts. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 486 (Tex. 2017). Furthermore, "[e]xpress waiver arises when a party affirmatively indicates that it wishes to resolve the case in the judicial forum rather than in arbitration." *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 22 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). No express waiver arises "when a party has made no express statements indicating the intent to waive arbitration." *Cf. Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 781 (Tex. App.—El Paso 2015, no pet.).

The tolling agreement and the extension agreement do not mention arbitration. Instead, both agreements express the parties' agreed goal of engaging in settlement negotiations, which would avoid the commencement of the judicial process. The agreements make no representations that Anderson-Jenkins would not seek to compel arbitration, and the Allens produced no evidence that Anderson-Jenkins was concealing its intent to arbitrate rather than settle. Thus, the doctrine of equitable estoppel would not support the trial court's decision. *See Shields Ltd. P'ship*, 526 S.W.3d at 486. Likewise, the tolling agreement and the extension agreement do not express Anderson-Jenkins's intent to waive its right to arbitrate or express that Anderson-Jenkins affirmatively wished not to go to arbitration and instead wished to resolve the case in a judicial forum. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (holding "Rule 11 agreement in which all parties agreed to a scheduling order and a new trial date" did not constitute express waiver). Thus, express waiver could not support the trial court's decision. *See id.* The only remaining issue is the primary issue argued in the trial court and here on appeal: implied waiver by substantial invocation of the judicial process.

*2. Implied Waiver by Substantially Invoking the Judicial Process*

"A party's right to arbitrate may be waived by its substantially invoking the judicial process to the other party's detriment." *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Under the FAA, there is a strong presumption against an implied waiver of a party's right to arbitrate by substantially invoking the judicial process. *Id.* Consequently, "[t]he party asserting waiver bears a heavy burden of proof to show the party seeking arbitration has waived its arbitration right." *Id.* "[W]aiver must be decided on a case-by-case basis, and [based on] the totality of the circumstances." *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008). The totality of the circumstances can include:

- how long the party moving to compel arbitration waited to do so;
- the reasons for the movant's delay;
- whether and when the movant knew of the arbitration agreement during the period of delay;
- how much discovery the movant conducted before moving to compel arbitration, and whether that discovery related to the merits;
- whether the movant requested the court to dispose of claims on the merits;
- whether the movant asserted affirmative claims for relief in court;
- the extent of the movant's engagement in pretrial matters related to the merits (as opposed to matters related to arbitrability or jurisdiction);
- the amount of time and expense the parties have committed to the litigation;
- whether the discovery conducted would be unavailable or useful in arbitration;
- whether activity in court would be duplicated in arbitration;
- when the case was to be tried.

*G.T. Leach Builders, LLC*, 458 S.W.3d at 512. An implied waiver by substantially invoking the judicial process also requires the party relying on the waiver doctrine to show it suffered unfair prejudice. *Id.* at 515. "Prejudice may result when a party seeking arbitration first sought to use the judicial process to gain access to information that would not have been available in arbitration, but propounding discovery will not, in and of itself, result in waiver of a right to compel arbitration." *Id.* "[W]hile delay may be a factor both in terms of whether the movant has substantially invoked the judicial process and whether the nonmovant has suffered prejudice, mere delay is not ordinarily enough, even if it is substantial." *Id.*

Anderson-Jenkins did not elect to resolve its dispute with the Allens in court; rather the Allens filed suit against Anderson-Jenkins. *See id.* The Allens filed their original petition on March 27, 2017, and Anderson-Jenkins filed its original answer in April 24, 2017. Anderson-Jenkins' original answer commenced with the qualification that Anderson-Jenkins was appearing "[w]ithout waiving any right to arbitrate." Thus, at the outset of its involvement in this suit, Anderson-Jenkins put the Allens on notice that it intended to reserve its right to arbitrate.

Anderson-Jenkins did not assert a counterclaim against the Allens in this suit, and the Allens produced no evidence showing Anderson-Jenkins asserted any related claims against the

Allens in any other judicial forum. *See id.* Anderson-Jenkins also did not seek a summary judgment or dismissal of the Allens' claims on the merits. *See id.* at 513. The only motions Anderson-Jenkins filed relating to the merits of the suit was a motion to designate responsible third parties, which is defensive in nature, *see id.*, and a motion for leave to file a third-party petition, which petition was also filed "[w]ithout waiving any right to arbitrate."

Anderson-Jenkins filed its motion to compel arbitration on May 3, 2018, approximately one year after Anderson-Jenkins appeared subject to its express reservation of its right to arbitrate. On May 3, 2018, Anderson-Jenkins set the motion for a May 24, 2018 hearing. The trial was set for June 25, 2018. A delay of thirteen months in seeking arbitration or seeking arbitration within two months of trial does not constitute a per se substantial invocation of the judicial process. *See Richmont Holdings, Inc. v. Superior Recharge Sys.*, *L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (per curiam) (holding no implied waiver when movant waited nineteen months after being sued to move for arbitration); *Metso Minerals Indus., Inc. v. Maverick Aggregates, Inc.*, No. 04-15-00532-CV, 2016 WL 3022060, at *4 (Tex. App.—San Antonio May 25, 2016, pet. denied) (holding filing request for arbitration two months before trial was not "on the eve of trial"). The record shows the Allens did not seek a scheduling order in this case until nine months after Anderson-Jenkins answered, and it appears the only discovery conducted before the scheduling order was Anderson's deposition.

The record establishes Anderson-Jenkins knew of the arbitration agreement during the period of the delay, but the Allens produced no evidence showing the reason—justified or not—why Anderson-Jenkins waited to file its motion to compel. Considering Anderson-Jenkins's original answer was filed "[w]ithout waiving any right to arbitrate," the Allens were made aware from the outset of the litigation that Anderson-Jenkins intended its participation in the suit to be subject to its right to arbitrate. *Cf. Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 722

(Tex. App.—Houston [1st Dist.] 2014, pet. denied) (affirming denial of motion to compel when, among other factors, movant was aware of arbitration agreement and non-movant was not).

With regard to the discovery that took place after the scheduling order was entered, it was undisputed at the motion to compel hearing that although Anderson-Jenkins noticed Mr. Allen's deposition, Anderson-Jenkins took no oral depositions in this case. The Allens' unverified response to Anderson-Jenkins's motion to compel appeared to quote written discovery requests that Anderson-Jenkins propounded. *See Tex. Capital Bank, N.A. v. Automaker, Inc.*, No. 14-94-00969-CV, 1995 WL 472346, at *2 (Tex. App.—Houston [14th Dist.] Aug. 10, 1995, no writ) (mem. op.) (noting no evidence was attached to response to prove up waiver defense to motion to compel arbitration and stating allegations in pleadings, even if verified, are not evidence). But the parties' pleadings disputed the nature of the written discovery in this case, and whether and to which extent the discovery pertained to the merits. It was therefore the Allens' burden to prove at the motion to compel hearing the implied waiver factors regarding the extent and nature of Anderson-Jenkins's discovery. *See Jack B. Anglin Co., Inc.*, 842 S.W.2d at 269; *In re MP Ventures of S. Tex., Ltd.*, 276 S.W.3d at 529; *see also RSL Funding, LLC v. Pippins*, 499 S.W.3d at 430 (stating the party asserting waiver has the heavy burden to prove it). At the evidentiary hearing on the motion to compel, there was no evidence showing how much written discovery Anderson-Jenkins propounded before moving to compel arbitration, and whether the propounded written discovery related to the merits of the claims.

Even if we were to accept as true the Allens' allegations about Anderson-Jenkins's discovery requests and assumed they related to the merits of the Allens' claims, the Allens produced no evidence showing whether the responses to these discovery requests would be useful in arbitration. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 512. The Allens likewise failed to present any evidence on the issue of whether the court-related activity would necessarily be

duplicated in arbitration. *See id.* Mr. Allen testified about the expenses he incurred for attorney's fees in responding to discovery and for the property inspection. But without evidence of other related factors (such as the nature of the discovery and whether the activities in the trial court would likely be repeated in an arbitration proceeding), the Allens' expenses do not weigh heavily in the Allens favor when considering the totality of the circumstances. *See id.*

We hold that the Allens failed to satisfy their heavy burden under the FAA to overcome the strong presumption in favor of arbitration because the evidence before the trial court, and the undisputed facts, fail to show Anderson-Jenkins substantially invoked the judicial process. Consequently, we do not address whether the Allens suffered any prejudice. *See RSL Funding, LLC*, 499 S.W.3d at 430. The trial court therefore abused its discretion by denying Anderson-Jenkins's motion to compel arbitration.

CONCLUSION

Based on the foregoing, we reverse the trial court's order denying Anderson-Jenkins's motion to compel arbitration, and render an order granting Anderson-Jenkins's motion to compel arbitration.

Luz Elena D. Chapa, Justice